Hearing Date: September 12, 2018
Hearing Time: 9:55 a.m. ET

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| IN RE:<br><br>MIA DE ROSA,<br><br>Debtor. | Case No. 18-23083-RDD<br><br>Chapter 13 |

**REPLY OF WELLS FARGO BANK, N.A. IN FURTHER SUPPORT OF ITS OBJECTION TO DEBTOR'S LOSS MITIGATION REQUEST**

Wells Fargo Bank, N.A. ("Wells Fargo"), through its undersigned counsel, hereby replies to the Statement in Opposition to Wells Fargo's Objection to Debtor's Request for Loss Mitigation [*ECF No. 19*] ("Statement in Opposition") that was filed in opposition to Wells Fargo's Objection to Debtor's Loss Mitigation Request [*ECF No. 14*] ("Objection to Loss Mitigation") filed in this chapter 13 case:

1. Debtor's Statement in Opposition fails to address any of the arguments raised in Wells Fargo's Objection to Loss Mitigation. Rather, the Statement in Opposition levels baseless and tired generalizations about purported loss mitigation errors. Simply put, there is no basis for Debtor's loss mitigation request and Wells Fargo's Objection should be granted.

**Statement of Facts**

2. On or about September 27, 2007, Debtor Mia obtained a "Pick-a-Payment" loan in the amount of $430,000.00 from Worlds Savings Bank, FSB.

3. Wells Fargo Bank, N.A. is the holder of the original note and mortgage through the following transactions: effective December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB; effective November 1, 2009, Wachovia Mortgage, FSB changed its

name to Wells Fargo Bank Southwest N.A., and then merged into Wells Fargo Bank, N.A.; As a result of these name changes and corporate merger, World Savings Bank and Wachovia Mortgage are now known as Wells Fargo Bank, N.A. [*Claim 5-1*].

4. On or about February 7, 2006, Debtor entered into a Home Affordable Modification Agreement with Wachovia Mortgage, a division of Wells Fargo Bank, N.A. *[ECF No. 14-1]* The modified loan included an initial 2.0000% interest rate and corresponding monthly payment of principal and interest of $2,220.48.

5. Debtor defaulted on the loan in April 2016. Subsequently, on April 21, 2017, Wells Fargo Bank instituted a foreclosure action against Debtor in the Supreme Court of New York Rockland County, Index No.: 31794/2017 (the "Foreclosure Action"). In connection with the Foreclosure Action, the parties participated in Foreclosure Settlement Conferencing, where the parties appeared for six settlement conferences. On February 13, 2018, the parties were released from the Settlement Conference Part because the parties were unable to modify Debtor's loan or otherwise settle the Foreclosure Action.

6. On June 26, 2018, Wells Fargo filed a Motion for Summary Judgment in the Foreclosure Action, which was returnable on July 25, 2018. The Motion for Summary Judgment was withdrawn due to Debtor's Bankruptcy Petition.

## Legal Argument

*Debtor is not eligible to be a Chapter 13 debtor and is ineligible for Loss Mitigation*

7. Eligibility to file for relief under Chapter 13 of the Bankruptcy Code is determined by § 109(e) ([o]nly an individual with regular income that owes, on the date of the filing of the petition . . . noncontingent, liquidated, secured debts of less than $1,184,000 . . . may be a debtor

under chapter 13.") It is axiomatic that a "debtor has the burden of establishing eligibility under § 109(e)." *In re Shukla*, 550 B.R. 204, 210 (Bankr. E.D.N.Y. 2016).

8.  In this case, Debtor's Schedule D lists seven secured claims totaling $1,183,148, the secured claims are listed as follows [*ECF No. 1*]:

    a.  Chase - Credit Line Secured - $0.00

    b.  Chase Mortgage – Real Estate Mortgage - $0.00

    c.  Midland Mortgage Co. – Real Estate Mortgage - $212,735.00

    d.  Mr. Cooper – Real Estate Mortgage - $204,636.00

    e.  Wells Fargo Bank – Real Estate Mortgage - $0.00

    f.  Wells Fargo Bank – Credit Line Secured – "unknown"

    g.  Wells Fargo Home Mor – Real Estate Mortgage - $765,777.00

9.  To date, only four secured claims have been filed totaling $1,178,549.44:

    a.  Nissan Motor Acceptance Corporation - $928.09 [*Claim 2-1*].

    b.  Nationstar Mortgage LLC d/b/a Mr. Cooper - $201,551.75 [*Claim 3-1*].

    c.  HSBC Bank USA, National Association, as Trustee for Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-1 - $207,825.35 [*Claim 4-1*].

    d.  Wells Fargo Bank, N.A. - $768,244.25 [*Claim 5-1*].

10. Assuming, *arguendo*, that no other secured claim is filed before the claim deadline (September 24, 2018), Debtor is *only* $5,450.56 below the statutory debt limit. Accordingly, before entertaining any request for Loss Mitigation, the Court should allow all secured claims to be filed. If Debtor is not a proper Chapter 13 debtor, the loss mitigation program is not applicable. *See Loss Mitigation Program Procedure III(A).*

*Debtor disputes Wells Fargo's Claim and is therefore not eligible for the Loss Mitigation Program*

11. In Debtor's Model Chapter 13 Plan [*ECF No. 10*] and Statement in Opposition, Debtor disputes the validity of Wells Fargo's claim. *See Statement in Opposition at ¶ 20*. Debtor's dispute (which lacks any basis—legal or otherwise) is especially unfounded given that Debtor has already received a modification of her loan. Nevertheless, Debtor's dispute, in and of itself, disqualifies her for the Loss Mitigation Program. *See Loss Mitigation Program Procedures III(C)-(D)*.

*Debtor has been recently reviewed, and Loss Mitigation will likely not be successful*

12. As set forth in Wells Fargo's Objection to Loss Mitigation, Debtor has been recently denied multiple loan modification requests within the past two years. In fact, during the most recent review, in January 2018, Debtor was denied for a loan modification even with a significant—$50,000—down payment.

13. This review was the second such review performed in the Foreclosure Settlement Conference Part during the Foreclosure Action. The Supreme Court released Wells Fargo from the part, finding Wells Fargo acted in good faith and that Debtor's income was insufficient to support a modification.

14. Accordingly, Debtor's request for another bite at the loss mitigation apple should not be permitted this Court.

WHEREAS, for the foregoing reasons and those otherwise set forth in the Objection to Debtor's Loss Mitigation Request, Wells Fargo respectfully requests that the Court enter an order (i) denying Debtor's Loss Mitigation Request and (ii) granting such other and further relief in favor of Wells Fargo that may be just and proper.

- 5 -

Dated:  September 5, 2018            Respectfully submitted,

           REED SMITH LLP

By:    */s/ Brian P. Matthews*
Brian P. Matthews
Diane A. Bettino
599 Lexington Avenue, Floor 30
New York, NY  10022
Tel. (212) 521-5400
Fax (212) 521-5450
bmatthews@reedsmith.com

*Counsel for Wells Fargo Bank, N.A.*